UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUIS HIRSCHMUGL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19 CV 386 JMB |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's stipulation, which the Court construes as a motion to remand to the Circuit Court of St. Louis City from which the action was removed. Defendant consents to remand.

**I.   Background**

Plaintiff Louis Hirschmugl seeks uninsured motorists coverage under policies of automobile insurance issued by defendant State Farm Fire & Casualty Company. Plaintiff filed suit in the Circuit Court of St. Louis City asserting claims for breach of contract and vexatious refusal to pay. He prayed for judgment in the amount of $75,000 — the total uninsured motorist coverage available under his policies — plus statutory penalties and attorney's fees. Defendant timely removed the matter to this Court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a). Plaintiff has now filed a stipulation [Doc. # 15] signed by counsel in which he asserts that he believes the limits of liability under the applicable uninsured motorist policies do not exceed $75,000. Based on this information, he stipulates that he will not seek greater than $75,000 in damages and asks the Court to remand the matter to state court. Defendant consents.

## II.     Discussion

A case falls within the court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving the requisite amount by a preponderance of the evidence. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). Defendant has met its burden to establish federal jurisdiction over this dispute.

Plaintiff's "post-removal voluntary reduction of his claim to less than the jurisdictional amount[] does not defeat federal jurisdiction acquired through removal." Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."). The Court does not have exclusive jurisdiction to hear this case, however, and if the parties wished to litigate this case in state court they could do so by dismissing and refiling there. McLauchlin v. Sight, No. 4:16-CV-0542-DGK, 2016 WL 4077237, at *3 (W.D. Mo. Aug. 1, 2016). In light of defendant's consent to remand, there is no justification for requiring plaintiff to pay another filing fee. See id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. # 15] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Circuit Court of St. Louis City from which it was removed.

                                      **/s/ *John M. Bodenhausen***
                                      JOHN M. BODENHAUSEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of April, 2019.